UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **PINDI KUAVITAWAKO,**<br>**A# 213 477 969,**<br><br>             **Petitioner,**<br><br>v.<br><br>**WILLIAM BARR, Attorney General;**<br>**CHAD WOLF, Acting Secretary of DHS;**<br>**DEBORAH ACHIM, ICE Field Office**<br>**Director; RAY CASTRO, Warden, South**<br>**Texas ICE Processing Center,**<br><br>             **Respondents.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | SA-20-CV-01238-XR |

**ORDER OF DISMISSAL**

Before the Court is Petitioner Pindi Kuavitawako's ("Kuavitawako") *pro se* 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. (ECF No. 1). At the time of filing, Kuavitawako was confined in the South Texas ICE Processing Center in Pearsall, Texas. (ECF No. 1). When Kuavitawako filed his Petition, he failed to either pay the filing fee or file an application to proceed *in form pauperis* ("IFP"). Accordingly, the Court ordered Kuavitawako to either pay the filing fee or file a proper IFP application. (ECF No. 3). However, the Order was returned to the Court as undeliverable with the notation "RTS No Longer Here."[1] (ECF No. 6). Additionally, upon review of the Petition, the Court discovered Kuavitawako had failed to sign it. (ECF No. 1). Accordingly, the Court directed the Clerk of Court to return the Petition to Kuavitawako and ordered Kuavitawako to sign it and return it to the Court. (ECF No. 5). This Order was likewise returned to the Court with the notation "RTS No Longer Here." (ECF No. 8).

The Court searched for Kuavitawako using the Immigration and Custom Enforcement

---

[1] Prior to the return of the Court's IFP Order, the Court's opening letter was returned because the Court had an incorrect identification number, i.e., "A number," for Kuavitawako. (ECF Nos. 2–3, 4). However, the opening letter was resent with the IFP Order using the correct identification number.

online locator service and discovered Kuavitawako is no longer in the South Texas ICE Processing Center in Pearsall, Texas. *See* https://locator.ice.gov/odls/#/results (last visited Nov. 10, 2020). However, Kuavitawako has failed to notify this Court of any change of address.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a district court may *sua sponte* dismiss an action for failure to prosecute or for failure to comply with any court order. *Griggs v. S.G.E. Mgmt., LLC*, 905 F.3d 835, 844 (5th Cir. 2018); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *see* FED. R. CIV. P. 41(b). "This authority [under Rule 41(b) ] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)). The orderly and expeditious disposition of cases requires that if a litigant's address changes, he or she has a duty to inform the court of the change. *Salazar v. Wallace*, No. 1:13CV447, 2019 WL 1065142, at *1 (E.D. Tex. Feb. 14, 2019), *report and recommendation adopted*, No. 1:13-CV-447, 2019 WL 1062567 (E.D. Tex. Mar. 6, 2019). It is neither feasible nor required that a clerk of court take it upon himself or herself to maintain current address on the parties to pending action. *Id.* Rather, it is the responsibility of the parties—*pro se* or otherwise—to inform the court of changes of address given that communications between a court and litigants is principally conducted by mail. *Id.* Moreover, parties to an action are obligated to make timely status inquiries and in so doing, would *per force* provide address changes as those would be reflected in any written inquiry. *Id.*

By failing to provide this Court with his current address as required by case law interpreting Rule 41(b), Kuavitawako has prevented this Court from communicating with him and moving this case towards resolution. He has, therefore, failed to diligently prosecute this case as

required. Accordingly, this case is subject to dismissal for want of prosecution pursuant to Rule 41(b). *See* FED. R. CIV. P. 41(b).

**IT IS THEREFORE ORDERED** that Petitioner Pindi Kuavitawako's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for want of prosecution pursuant to FED. R. CIV. P. 41(b).

It is so **ORDERED**.

SIGNED this 10th day of November, 2020.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE